### D. M. Mason v. The State.

No. 141. Decided November 24, 1909.

**1.—Perjury—Continuance—Diligence.**

Where, upon trial for perjury, the defendant made application to take the deposition of his wife, who, he alleged, resided beyond the limits of the State, on the day following his arrest, and there was not sufficient time for a return of such process, and the testimony was material, the continuance should have been granted.

**2.—Same—Charge of Court—Inadvertence—Mistake.**

Where, upon trial for perjury, it appeared from the evidence that the defendant probably made the statement upon which perjury was based inadvertently, the court should have charged, as requested, that under article 202, Penal Code, if the sworn statement by defendant was made through inadvertence or under agitation or by mistake, defendant would not be guilty of perjury. Following Brookin v. State, 27 Texas Crim. App., 701.

Appeal from the District Court of Delta. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of perjury; penalty, two years and six months imprisonment in the penitentiary.

The opinion states the case.

*Patteson, Sharp & Patteson,* for appellant.—On question of court's failure to charge the jury under article 202, Penal Code, with reference

to inadvertent statement: Odle v. State, 13 Texas Crim. App., 612; Black v. State, 38 Texas Crim. Rep., 58; Knox v. State, 11 Texas Crim. App., 148; Smith v. State, 15 Texas Crim. App., 139; Sims v. State, 9 Texas Crim. App., 586; Reed v. State, 9 Texas Crim. App., 317.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted on January 23d, of this year in the District Court of Delta County on a charge of perjury and his punishment assessed at confinement in the penitentiary for a period of two years and six months.

1. We think the judgment of conviction must be set aside and the cause reversed for several reasons. In the first place, we think appellant's application for a continuance should have been granted. The record shows that he was indicted herein on the 19th day of January of this year on account of testimony given before the grand jury on the 12th day of the same month; that service of copy of the indictment was made on him on the same day it was returned into court and that on the following day he made application to take the deposition of his wife, who was alleged to reside in the city of Hugo, Choctaw County, Oklahoma. In the light of the entire record, we think the testimony was material and that the court should have granted the application. The record shows that court adjourned on the 23d day of January and that the testimony could not have been procured by any postponement of the trial for any time within the then term of court.

2. Again, we think the court erred in not giving in charge to the jury the substance of article 202 of our Penal Code. This article is as follows: "A false statement made through inadvertence or under agitation or by mistake is not perjury." The testimony of appellant given on the trial is to the effect, in substance, that he had been sick some time before he gave his testimony before the grand jury and that if he had ever received the four dollars which the witnesses say he did receive and which he denied before the grand jury, that he did not then remember it and does not now remember having received same. He also testifies his memory is not very good and that it had been more than four years since the four dollars was claimed to have been paid him; that he had been confined in jail for a long time and had been sick the past month almost the entire time, and was sick when carried before the grand jury and was now sick. In this connection counsel for appellant requested the court to give the following special instruction: "You are charged by the court that if you believe from the evidence that the defendant did receive the $4 in money as alleged by the indictment in this case, but you further believe that the defendant had forgotten at the time he testified before the grand jury,

or if you have a reasonable doubt as to his having forgotten at the time he is alleged to have testified before said grand jury, the receipt of said money, then in either event you will acquit the defendant." This special charge or its substance should have been given in connection with article 202 of our Revised Statutes. These issues were in no manner submitted to the jury by the court and in view of the evidence it was the right of appellant to have his defense submitted in a clear and explicit manner to the jury. Brookin v. State, 27 Texas Crim. App., 701.

The other questions raised on the appeal are not likely to occur on another trial. We have considered the exception to the indictment and think it sufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.